IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


WILLIAM HALE,
    Petitioner,

vs.                               Case No.: 5:06cv210/RS/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 11). Respondent filed a motion to dismiss the amended petition on the ground that Petitioner failed to exhaust his state court remedies (Doc. 22 at 10–12). Respondent also argues that Petitioner's claims are procedurally defaulted and precluded from federal review at this time because Petitioner " 'failed to develop' the factual basis for [his] claim[s] while in state court . . ." (*see id.* at 11–12). Petitioner has filed a reply (Doc. 24).

       The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss is premature, should be dismissed without prejudice, and Petitioner should be permitted to file a second amended petition if he wishes to maintain this action.

I.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a Florida inmate currently housed at Jefferson Correctional Institution ("Jefferson CI") (*see* Doc. 20 (notice of change of address)).  On October 19, 1995, in the Circuit Court for Palm Beach County, Florida, Petitioner was convicted of attempted second degree murder, dangerous act (*see* Doc. 22, Ex. A at 1–2; Doc. 11 at 1).  He was sentenced on January 4, 1996, to thirty (30) years in prison (*see* Doc. 22, Ex. A at 2; Doc. 11 at 1).

On July 3, 2002, Petitioner filed a petition for writ of mandamus in the Circuit Court for Washington County, Florida (*see* Doc. 22, Ex. B).  The case was assigned case number 67-02-289CA (*see, e.g.*, *id.*, Ex. N at 1).  In this petition, Petitioner challenged the DR, log number 110-020359, that he received on February 19, 2002 for disorderly conduct (*see id.*, Ex. B at 4, 33).  The petition, including voluminous exhibits labeled A–K, was approximately 78 pages in length, and also contained an extensive record of the administrative grievances Petitioner submitted to the Florida Department of Corrections ("DOC") regarding the DR (*see id.*, Ex. B).

Also on July 3, 2002, Petitioner filed a document entitled "1st Supplement to Petition for Writ of Mandamus Concerning the Second Disciplinary Report Written Against Hale" in case number 67-02-289CA (*see id.*, Ex. D).  In this first supplement to his petition, Petitioner challenged the DR, log number 110-020357, that he received on February 28, 2002 for disorderly conduct (*see id.*, Ex. D at 16–17).  On the same day, Petitioner also filed an appendix entitled "Exhibits Concerning 2nd DR Written" addressing the DR, log number 110-02357 (*see id.*, Ex. C).  As with his other filing, Petitioner's first supplement to his petition and the appendix filed with it were quite voluminous (e.g., a thirty-one (31) page first supplement to his petition and a thirty-two (32) page appendix) (*see id.*, Exs. C, D).

On July 11, 2002, Petitioner filed a document entitled "2nd Supplement to Petition for Writ of Mandamus Concerning the Fourth Disciplinary Report Writing Against Hale" in case number 67-02-289CA (*id.*, Ex. F).  In this second supplement to his petition, Petitioner challenged the DR, log number 110-020815, that he received on April 11, 2002 for disobeying prison regulations (*see id.*, Ex. F at 7).  On the same day, Petitioner also filed an appendix entitled "Exhibits Concerning 4th DR Written" addressing the DR, log number 110-020815 (*see id.*, Ex. E).  As with Petitioner's other

state court filings, Petitioner's second supplement to his petition and the appendix filed with it were very long and together totaled about 80 pages (*see id.*, Exs. E, F).

On July 23, 2002, Petitioner filed an appendix entitled "Exhibits Concerning the 3rd DR Written" addressing the DR, log number 110-02567, that Petitioner received on March 13, 2002 for spoken threats (*see id.*, Ex. G). This appendix included ten (10) multi-page exhibits and totaled twenty-nine (29) pages in length (*see id.*). Petitioner noted in his second supplement to his petition that he would file a third supplement to his petition concerning the DR, log number 110-02567, but the record before this court does not contain Petitioner's third supplement to his petition (*see id.*, Ex. F at 1, n.1 (explaining that Petitioner had "just received from Tallahassee [DOC's] response to the 3rd DR written against [Petitioner] and will address that [DR] in his 3rd supplement" to his petition)).

On October 22, 2002, Petitioner filed a "4th Supplement to Petition for Writ of Mandamus Concerning the 5th, 6th, and 7th Disciplinary Reports Written Against Petitioner" in case number 67-02-289CA (*id.*, Ex. I). In this fourth supplement to his petition, Petitioner challenged three DRs including the DR, log number 110-021491, he received on July 10, 2002 at about 3:45 p.m. for disorderly conduct; the DR, log number 110-021494 that he received on July 10, 2002 at about 4:10 p.m. for disorderly conduct; and the DR, log number 110-021587, that he received on July 10, 2002 at about 5:30 p.m. for disorderly conduct (*see id.*). On the same day, Petitioner also filed an appendix entitled "Exhibits Concerning the 5th, 6th, and 7th DRs Written Against Him" addressing the DRs Petitioner was issued on July 10, 2002 (*see id.*, Ex. H). Petitioner's fourth supplement to his petition and the appendix attached to it totaled approximately 60 pages (*see id.*, Exs. H, I).

On October 29, 2002, the state circuit court directed Respondent to respond to Petitioner's petition and supplements within thirty (30) days (*see id.*, Ex. J).

On November 18, 2002, Petitioner filed a "5th and Final Supplement to Petition for Writ of Mandamus Concerning the 8th, 9th, and 10th Disciplinary Reports Written Against Petitioner" in case number 67-02-289CA (*id.*, Ex. K). In his fifth supplement to his petition, Petitioner challenged three more DRs including the DR, log number 110-021636, that he received for spoken threats; the DR, log number 110-021642, that he received for disobeying a verbal order; and the DR, log number 110-021659, that he received for possession of a weapon (*see id.*, Ex. K). Apparently the DR, log

number 110-021636, was expunged by the DOC (*see id.*, Ex. K at 5–8).  Petitioner's fifth supplement to his petition for writ of mandamus did not include an appendix.

On December 23, 2002, Respondent filed a Motion to Sever Claims because Petitioner filed several supplements in state court, "all of which (including the initial [state court petition]) [were] long and rambling . . . [, and he was] attempting to merge all of these supplements into one cause of action" (*id.*, Ex. L at 1).  On January 3, 2003, Petitioner filed a response in opposition to Respondent's motion to sever (*see id.*, Ex. M).  Petitioner essentially argued that severing his challenges to the DRs would unnecessarily lengthen each action so that repetitive and cumulative arguments would be submitted to the court and cause Petitioner unnecessary copying costs (*id.*, Ex. M at 2).

On February 23, 2004, the state circuit court granted Respondent's motion to sever (*see id.*, Ex. N).  The state court also directed Petitioner to amend his petition within forty-five (45) days to challenge only one DR (*id.*, Ex. N at 1).

On or about February 16, 2005,[1] Petitioner filed a motion for reconsideration of the state court order issued on February 23, 2004 or, in the alternative, for an extension of time to comply with the state court's order directing Petitioner to file an amended petition challenging only one DR (*see id.*, Ex. O).  On February 23, 2005, the state circuit court denied Petitioner's motion for reconsideration or in the alternative for an extension of time (*id.*, Ex. P).

On August 5, 2005, the state circuit court dismissed Petitioner's petition for writ of mandamus because Petitioner "failed to submit a petition which challenge[d] only one" DR (*see id.*, Ex. Q at 1).  The state circuit court explained that Petitioner had been given in excess of one year

---

[1]Respondent reports that this document was filed with the state circuit court on February 16, 2005 (*see* Doc. 22 at 5).  In addition, a subsequent order of the state circuit court reports that Petitioner's motion was filed on February 16, 2005 (*see* Doc. 22, Ex. Q at 1 (discussing filings in Petitioner's case before the state circuit court)).  The undersigned notes, however, that the certificate of service on Petitioner's motion indicates that his motion for reconsideration or for an extension of time was transmitted to the state circuit court on or about March 10, 2004 (*see id.*, Ex. O at 8).  Moreover, exhibits attached to Petitioner's motion indicate that he requested copies of his motion for service on the state circuit court on or about March 8, 2004 (*see id.*, Ex. O at 9).  The date stamp on the photocopy of Petitioner's motion as contained in the record filed with this court is not readable (*see id.*, Ex. O at 1).  However, resolving this discrepancy would not alter the court's instant recommendation.  Thus, the court will assume that Petitioner's motion was filed on February 16, 2005, as reported by the state circuit court (*see id.*, Ex. Q at 1).

Case No.: 5:06cv210/RS/EMT

to file an amended petition challenging only one DR but had failed to file an amended petition as directed (*see id.*).[2]

On November 17, 2005, Petitioner filed an appeal in the First District Court of Appeal of Florida (*see id.*, Ex. R). Petitioner's appeal was assigned case number 1D05-4515 (*see id.*, Ex. R at 1). On appeal, Petitioner essentially argued that the state circuit court abused its discretion by granting Respondent's motion to sever, by not granting his motion for rehearing, by not granting "the motion for failure to prosecute," and "by granting the motion" (*see id.*, Ex. R at 1–2). Petitioner also argued that the state circuit court demonstrated "bias against and harassment of [Petitioner sufficient] to warrant other action by [the district court of appeal]" (*id.*).

On December 8, 2005, Respondent filed an answer brief arguing that the lower state court did not abuse its discretion in requiring Petitioner to file separate petitions for writs of mandamus for each DR he sought to challenge (*see id.*, Ex. S at 7–10). Respondent argued that each DR resulted from separate administrative proceedings and warranted an independent review on its own merits (*see id.*, Ex. S at 9).

On or about December 28, 2005, Petitioner filed a reply to Respondent's answer brief (*see id.*, Ex. T at 1).

On April 10, 2006, the First District Court of Appeal of Florida issued an order affirming the state trial court's dismissal of Petitioner's petition for writ of mandamus per curiam without written opinion (*see id.*, Ex. U). *See also* Hale v. State, 929 So. 2d 1057 (Fla. 1st DCA 2006) (Table).

On or about April 21, 2006, Petitioner filed a Motion for Clarification, Rehearing, or Written Opinion (*see* Doc. 22, Ex. V at 1, 5). Petitioner moved the First District court to clarify whether its affirmance of the lower court's dismissal of his petition precluded Petitioner from proceeding in separate challenges to the DRs he received (*id.*, Ex. V at 1–2). Petitioner also sought rehearing of

---

[2]The state circuit court order of August 5, 2005 erroneously reports that the state court order granting Respondent's motion to sever was "filed on April 15, 2004" (*see id.*, Ex. Q at 1). The record before this court reflects that Respondent's motion to sever was granted by the state court on February 23, 2004 (*see id.*, Ex. N at 1). Nevertheless, the state circuit court did not deny Petitioner's motion for rehearing or, in the alternative, for an extension of time until February 2005 (*see, e.g.*, *id.*, Ex. P at 1). Indeed, the state circuit court did not dismiss Petitioner's petition until August 2005 (*see id.*, Ex. Q). Thus, even if the order granting Respondent's motion to sever was not "filed" until April 2004, Petitioner was still given more than one year to submit an amended petition as ordered by the state court.

Case No.: 5:06cv210/RS/EMT

the issues presented to the state court of appeal and demanded a written opinion (*see id.*, Ex. V at 3–4).

On May 30, 2006, the First District Court of Appeal of Florida denied Petitioner's request for clarification, rehearing, and a written opinion (*see id.*, Ex. W). Thereafter, the First District court issued a mandate on June 15, 2006 (*see id.*, Ex. X).

II. DISCUSSION

In the instant amended habeas petition, Petitioner raises three grounds for relief (*see* Doc. 11 at 4–5). First, he challenges ten (10) disciplinary reports ("DRs"), one of which was apparently expunged and deleted from Petitioner's record, that he received while incarcerated at Washington Correctional Institution (*see id.* at 4). Second, he challenges the state court's order severing his challenges to the DRs (*see id.* at 4–5). Third, Petitioner challenges the state appellate court's per curiam affirmance of the state trial court's order dismissing his case for failure to comply with the order directing him to file a single petition challenging only one DR and to raise his challenges to the other DRs in separate state court petitions for writs of mandamus (*see id.* at 5).

Rule 2(e) of the Rules Governing Section 2254 Cases provides:

> Separate Petitions for Judgments of Separate Courts. A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.

Moreover, in Brignac v. Woodford, No. Civ S-06-1650 LKK GGH P, 2006 WL 3349558, at *1 (E.D. Cal. Nov. 16, 2006), petitioner attempted to challenge "multiple prison disciplinary hearings" in a single habeas petition. The court explained that

> Petitioner must challenge only one state court decision in his petition. Unless he exhausts state court remedies as to all the prison disciplinary hearings set forth here in one petition to which the state [] court [of last resort] renders a single decision, he may not proceed as to all of them in a single federal petition. *See* Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Court (a separate petition must be filed as to each judgment of a state court).

*Id.* Accordingly, Petitioner cannot challenge multiple DRs in federal court with a single petition for writ of habeas corpus under section 2254 unless the state court rendered one decision addressing all of the DRs Petitioner seeks to challenge. *See id.*; *see also* Dowery v. Wilson, No. 3:06-CV-492 PS, 2007 WL 951930, at *2, *3 (N.D. Ind. Mar. 28, 2007) (explaining, in a case where petitioner

attempted to challenge several disciplinary hearings and sanctions in a single petition, that petitioner "may only challenge one disciplinary hearing in a petition for writ of habeas corpus . . . . If [petitioner] wishes to challenge other hearings, he may file new petitions with the appropriate filing fee for each hearing. He may not challenge multiple disciplinary hearings in one petition."); Baine v. Dretke, No. 7:04-CV-198-R, 2004 WL 2866966, at *3 (N.D. Tex. Dec. 10, 2004) (noting "that [p]etitioner has referenced at least two other disciplinary actions taken against him . . . . To the extent, if any, that he wishes to challenge the other disciplinary proceedings, he must do so in separate petitions for habeas relief."); Fisher v. Director of the Dept. of Corrs., No. Civ S-99-1859 FCD DAD P, at 2 (E.D. Cal. Feb. 10, 2000) (explaining that "each disciplinary proceeding must be the subject of a separate habeas corpus petition").

In this habeas action, Petitioner is attempting to challenge ten (10) different DRs. However, Petitioner has failed to establish that the state court rendered one decision addressing each of the DRs he now seeks to challenge.[3] Thus, Petitioner cannot bring them in this court in a single petition, and if Petitioner wishes to maintain this action, he must challenge each DR separately, in separately filed habeas petitions, each accompanied by the appropriate filing fee. *See* Rule 2(e), Rules Governing Section 2254 Cases; Dowery, 2007 WL 951930, at *3. It is therefore the recommendation of the undersigned, that to proceed with this case, Petitioner must file a second amended habeas petition challenging only one DR.[4]

---

[3]The state court decisions concerned the form of Petitioner's state petitions and did not address the individual DRs.

[4]In deciding whether to file a second amended petition (and/or new petitions separately challenging each of the remaining DRs), Petitioner is advised that it is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). Indeed, a federal court cannot grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(1)(A).

Here, it appears that Petitioner has not exhausted his available state court remedies, as he never presented the state court with separately filed petitions as directed. Although he sought clarification from the First DCA in April 2006 regarding whether he could file separate petitions at that time, and his request for clarification was denied, it appears that thereafter Petitioner never attempted to file any such petition, and whether he is barred from doing so is unclear from the record before this court. Thus, Petitioner's claims may indeed be subject to dismissal for failure to exhaust, and Respondent will again be permitted to seek dismissal of Petitioner's claims on this basis.

Case No.: 5:06cv210/RS/EMT

Because the court has determined that Petitioner must file a second amended petition challenging only one DR, Respondent's motion to dismiss is premature and should be denied without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 22) be **DENIED without prejudice**.
2. That the clerk be directed to return this file to the undersigned for further proceedings.

At Pensacola, Florida, this 5th day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**