IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM HALE,
    Petitioner,

vs.	Case No.: 5:06cv210/RS/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

### REPORT AND RECOMMENDATION

      Petitioner initiated this cause by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Petitioner later filed an amended petition (Doc. 11).  On October 5, 2007, this court recommended that Respondent's motion to dismiss the amended petition be denied and Petitioner be permitted to file a second amended petition (*see* Doc. 22; Doc. 25 at 7, 8). On November 2, 2007, the District Court adopted this court's report and recommendation and denied Respondent's motion to dismiss (*see* Doc. 28 at 1).  Next, by order of this court dated November 6, 2007, Petitioner was given thirty (30) days in which to file a second amended petition (*see* Doc. 29 at 4).  Petitioner failed to respond to the order; therefore, the court directed him to show cause why this action should not be dismissed for his failure to comply with an order of the court (*see* Doc. 30 at 1).  Now before the court is Petitioner's "Response to Order to Show Cause" (Doc. 31), which will be construed as a motion to voluntarily dismiss this action.

      In the instant motion, which was filed in response to the court's order to show cause, Petitioner states that he has not exhausted his state-court remedies and thus he requests that this action be dismissed (*see* Doc. 31 at 2).

      Respondent has been served and has filed a motion to dismiss in the instant case; thus, this action should not be dismissed at Petitioner's instance absent an order of the court.  *See* Fed. R. Civ.

P. 41(a)(2).  In light of Petitioner's desire to dismiss his petition, the court concludes that dismissal is appropriate.  However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments.  The one-year period normally runs from date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted.  *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).  Additionally, Petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)).  Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's "Response to Order to Show Cause" (Doc. 31), construed as a motion to voluntarily dismiss this action, be **GRANTED**.

2. That this action be dismissed without prejudice.

At Pensacola, Florida, this 7th day of January 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**